IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Cirafesi, | C/A No.: 1:25-4-CMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| John Doe and Jane Doe, | |
| Defendants. | |

This matter comes before the court on Plaintiff's failure to effect service of the summons and complaint on Defendants or prosecute this case.

On November 26, 2024, the undersigned filed the summons and complaint in state court. On January 2, 2025, this matter was removed to this court by the South Carolina Department of Juvenile Justice ("DJJ"). [ECF No. 1]. On the same day, DJJ filed a motion to dismiss. [ECF No. 5]. On January 16, 2025, the deadline Plaintiff's response to DJJ's motion to dismiss was due, Plaintiff filed an amended complaint that no longer named DJJ as a defendant, but still included John and Jane Doe.[1] [ECF No. 6]. As a result, the Clerk of Court terminated DJJ as a party. Plaintiff never provided the Clerk of Court summonses to issue for John and Jane Doe.

---

[1] Upon the filing of the amended complaint, chambers emailed counsel for Plaintiff and DJJ asking whether the Doe defendants had been identified and whether DJJ counsel was likely to represent the Doe defendants. The email noted that the removing party had since been terminated and the court wanted to ensure it retained jurisdiction. The parties did not address jurisdiction, but the undersigned independently identified caselaw finding dismissal of defendants does not deprive the court of jurisdiction.

On February 20, 2025, counsel for DJJ filed a motion to dismiss and quash service requesting:

> (1) confirming the dismissal of this action against SCDJJ; (2) quashing the purported service of process to the extent intended to serve SCDJJ; (3) quashing the purported service of process to the extent intended to serve John Doe and Jane Doe; and (4) dismissing this action outright and entering final judgment for SCDJJ, thereby ending this action.

[ECF No. 10 at 1]. Plaintiff's response was due March 6, 2025. [ECF No. 10]. On March 10, 2025, chambers emailed counsel of record, noting the expired deadline and asking whether the case had settled. Plaintiff's counsel indicated the failure to file a response was an oversight. On the docket, Plaintiff requested and was granted an extension until March 17, 2025, to file a response to the motion to dismiss. [ECF Nos. 10, 11]. However, Plaintiff failed to file a response.

On April 17, 2025, the undersigned issued an order directing Plaintiff to show cause by May 1, 2025, for his failure to effect service on the only remaining defendants, John and Jane Doe. Plaintiff was advised that if he failed to show cause, the undersigned would recommend this matter be dismissed without prejudice. On April 30, 2025, Plaintiff requested an extension to respond to the court's order and stated he had served DJJ with a subpoena dated April 29, 2025 requesting materials to be able to identify

"John and/or Jane Doe." [ECF No. 14]. The undersigned issue a text order stating:

> Out of an abundance of caution, the undersigned grants [14] extension to respond to the court's order to show cause. Plaintiff's response to the order to show cause is now June 2, 2025. Plaintiff is warned that failure to meet the deadline and identify and serve the correct parties to this action will result in a recommendation of dismissal. Counsel are directed to act without delay on this case, as the court notes counsel failed to take action related to the order to show cause until two days prior to the response was due.

[ECF No. 15]. Plaintiff failed to file a response.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). Fed. R. Civ. P. 4(m) also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The Fourth Circuit has explained:

> "Good cause" requires a "showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). Consistent with that foundational principle, good cause is commonly found to "exist[ ] when the failure of service is due to external factors, such as the defendant's intentional evasion of service," but "significant periods of inactivity" and a "fail[ure] to seek extension of time before [the] deadline [has] lapsed" tend to undercut any claim of good cause. *Id.* At bottom, "[w]hile 'good cause' is a flexible standard, diligence provides a touchstone for an appellate court" in its review. *Id.*; *see also* 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice*

3

> *and Procedure* § 1137 (4th ed. 2015) (explaining that in evaluating good cause under Rule 4(m), "courts have rejected excuses based on ... ignorance of the rule, the absence of prejudice to the defendant, ... inadvertence of counsel, or the expenditure of efforts that fall short of real diligence by the serving party").

*Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022).

Here Plaintiff has not acted with diligence in serving defendants and, instead, has ignored many deadlines of the court, including but not limited to the deadline to respond to the order to show cause. Further, nothing in the record suggests a further extension of time will result in Plaintiff properly serving these defendants. Therefore, the undersigned recommends this matter be dismissed without prejudice.

IT IS SO RECOMMENDED.

June 9, 2025                                     Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).