IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Timothy Cirafesi, | Civil Action No. 1:25-cv-00004-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| John Doe and Jane Doe, | |
| Defendants. | |

This matter is before the court on Plaintiff's Amended Complaint, alleging violations of his constitutional rights. ECF No. 6. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

The originally named Defendant, South Carolina Department of Juvenile Justice ("DJJ"), filed a motion to dismiss the Complaint, asserting it is a state agency and not amenable to suit under 42 U.S.C. § 1983. ECF No. 5. In response, Plaintiff filed an Amended Complaint, naming only John Doe and Jane Doe (but not DJJ) as Defendants. ECF No. 6. DJJ then filed a motion to dismiss and motion to quash purported service of process, seeking to ensure it did not remain a Defendant after filing of the Amended Complaint, and requesting the court dismiss this action outright. ECF No. 10. Plaintiff filed a motion for extension of time to respond, which was granted, yet failed to file a timely response within the extended deadline. The Magistrate Judge entered an Order to Show Cause for Plaintiff's failure to effect service on the only remaining Defendants, John Doe and Jane Doe. ECF No. 13. Plaintiff was warned unless good cause was shown for failure to effect service, the action would be recommended for dismissal. *Id.* at 2-3. Plaintiff again

requested an extension, which was granted, but no response to the Show Cause Order was filed. ECF Nos. 14, 15.

On June 9, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this action be dismissed without prejudice for failure to effect service or prosecute this case. ECF No. 17. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff failed to file objections or any other filing with this court, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court is only required to review the Report for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts the Report by reference in this Order.  This action is dismissed without prejudice.[1]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 3, 2025

---

[1] DJJ's motion to dismiss and to quash purported service (ECF No. 10) is dismissed as moot.

3